UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NORMAN M. BELLI, | Case No. 2:13-cv-01839-GMN-NJK |
| Plaintiff(s), | ORDER |
| vs. | (Docket Nos. 9, 10, 11) |
| PENNY PRITZLER, et al., | |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion for entry of default. Docket No. 10. Defendant filed a response in opposition and Plaintiff filed a reply. Docket Nos. 12, 13. Also pending before the Court is Defendant's motion to extend. Docket No. 11. Lastly, pending before the Court is Plaintiff's motion for default judgment. Docket No. 9. The Court finds these motions properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the motions for entry of default and for default judgment are **DENIED**, while the motion to extend is **GRANTED**.

Where a party fails to plead or otherwise defend, Fed. R. Civ. P. 55(a) provides that default should be entered. Nonetheless, the Court may set aside entry of default where good cause is shown. *See* Fed. R. Civ. P. 55(c). In making that determination, the Court considers three factors: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant has a meritorious defense; and (3) whether setting aside the default would prejudice the other party. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). The Court must also be mindful that cases should be decided on their merits whenever possible and that

judgment by default is appropriate only in extreme circumstances. *Id.* A determination as to what constitutes excusable neglect is at bottom an equitable one, taking into account all relevant circumstances surrounding the party's omission. *See, e.g., Brandt v. American Bankers Ins. Co. Of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993)). Applying these standards is committed to the Court's discretion. *Id.* at 1112.

Courts are also especially reluctant to enter default against the Government. "When the government's default is due to a failure to plead, typically the court will either refuse to enter a default or will set aside the default." *Elliott v. Comm'r of Social Security*, 2011 WL 2836283, *1 (W.D. Va. July 14, 2011) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)); *see also* Fed. R. Civ. P. 55(d) (prior to entry of default judgment against the government, the plaintiff must establish a claim or right to relief).

It is undisputed by Defendant that service was completed pursuant to Fed. R. Civ. P. 4(i). *See* Docket No. 11 at 2. In particular, Plaintiff served the United States Attorney's Office on or about January 30, 2014, and served the Department of Commerce and United States Attorney General on or about February 4, 2014. *See id.*; *see also* Docket No. 8 (summons returned executed as to United States Attorney's Office). Defendant argues that the failure to timely respond to the Complaint was the result of excusable neglect. In particular, Defendant argues that, due to an administrative error, the Department of Commerce failed to notify the United States Attorney's Office that service had been completed. *See* Docket No. 11 at 2, 3. Defendant also notes that a proof of service was not filed on the docket with respect to either the Department of Commerce or the United States Attorney General. *See id.*

In these circumstances, the Court finds that default is not appropriate. It is clear that Defendant's failure to appear was the result of an administrative oversight rather than the result of intentional, culpable conduct. Moreover, the delay in failing to timely appear is relatively minimal, and Plaintiff will not be prejudiced in allowing a later appearance. Accordingly, the Court will not enter default against Defendant and Plaintiff's motion for entry of default (Docket No. 10) is hereby **DENIED**.

In light of the above, the Court also **DENIES** as moot Plaintiff's motion for entry of default judgment (Docket No. 9).

//

1   Lastly, the Court **GRANTS** Defendant's motion for an extension to respond to the Complaint
2   (Docket No. 11).  Defendant's response to the Complaint shall be filed no later than June 4, 2014.
3   IT IS SO ORDERED.
4   DATED:  May 28, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge