DANIEL G. BOGDEN
United States Attorney
District of Nevada

JUSTIN E. PINGEL
Assistant United States Attorney
Nevada State Bar No. 10186
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
justin.pingel@usdoj.gov

Attorneys for the United States.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| NORMAN M. BELLI, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 2:13-cv-01839-GMN-NJK |
| | ) | |
| v. | ) | |
| | ) | |
| PENNY PRITZLER, Secretary, United States | ) | |
| Department of Commerce, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR RELIEF FROM REQUIREMENT THAT PERSON WITH SETTLEMENT AUTHORITY ATTEND SETTLEMENT CONFERENCE IN PERSON**

A settlement conference is scheduled in this case for September 19, 2014, at 9:30 a.m. before U.S. Magistrate Judge Peggy A. Leen (ECF #21). The order setting the conference requires a representative of the Government with "authority to settle this matter" to attend this settlement conference (ECF #21, p. 1). For the reasons stated below, the Government respectfully requests that the Court authorize Assistant United States Attorney ("AUSA") Justin E. Pingel to participate in the

settlement conference in person while Department of Commerce agency representative(s) participate by telephone. As discussed below, there is good cause for the Court to allow the settlement conference to proceed in this fashion.

## ARGUMENT

### A.      Timing of Motion

On Friday, September 12, 2014, due to a family emergency, defense counsel sought and received an extension on the time by which Federal Defendant's ENE statement was due, extending that time from Friday, September 12, 2014 at 4:00 p.m. to Monday, September 15, 2014 at 4 p.m. Having received that extension, defense counsel attended to his family emergency and failed to file this Motion for relief by the deadline of one-week prior to the ENE. Defense counsel, having proceeded assuming all items due to the Court were due by Monday, September 15, 2014 at 4 p.m., now asks the Court to excuse this error and consider the Motion for relief.

### B.      Personal Appearance

The federal government is unlike any other litigant. *United States v. United States District Court for the Northern Mariana Islands*, 694 F.3d 1051, 1059 (9th Cir. 2012). Because the Government handles a very large number of cases, it would be impractical, if not physically impossible, for those with settlement authority to appear in person at all settlement conferences. *Id.* at 1059. The Advisory Committee notes that accompany the 1993 amendments to Federal Rule of Civil Procedure 16 acknowledge the unique position that the federal government occupies as a litigant: "Particularly in litigation in which governmental agencies … are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility."

The Government delegates settlement authority to select individuals in order to promote centralized decision-making. *Mariana Islands*, 694 F.3d at 1059-1060. "Centralized decision making promotes three important objectives. First, it allows the government to act consistently in important

1  cases. Second, centralized decision-making allows the executive branch to pursue policy goals more

2  effectively by placing ultimate authority in the hands of a few officials. Third, by giving authority to

3  high-ranking officials, centralized decision making better promotes political accountability." *Id*. at 1060

4  (quoting *In re Stone*, 986 F.2d 898, 904 (5th Cir. 1993)).

5      In light of these principles, the Ninth Circuit has determined that the district court should adopt

6  a "practical approach" in deciding whether to require a government representative with full settlement

7  authority to attend a pretrial conference. *Id.* at 1061 (quoting *Stone*, 986 F.2d at 904-05). When

8  requested, the district court should consider alternative methods of participation, such as telephonic

9  participation, before requiring in-person participation. *Id*. Only as a "last resort" should the district

10  court require an official with full settlement authority to participate in a pretrial conference in person.

11  *Id*. (quoting *Stone*, 986 F.2d at 905).

12      The ultimate authority to settle this case rests with the United States Attorney or higher ranking

13  officials in the Department of Justice ("DOJ"), depending upon whether Department of Commerce and

14  DOJ officials agree with the proposed resolution. *See* 28 C.F.R. Appendix to Subpart Y of Part 0. It is

15  simply not feasible to have the United States Attorney attend each and every settlement conference, and

16  for the reasons noted above, the Government requests that AUSA Pingel appear at the settlement

17  conference instead of the United States Attorney or higher ranking DOJ officials. Similarly, while

18  Department of Commerce officials have tremendous insight into the agency decision making process,

19  they do not have settlement authority. As a result, personal attendance by a Department of Commerce

20  official should not be required and the Government requests that the court authorize appropriate

21  Department of Commerce officials to be present by telephone during the settlement conference, rather

22  than appearing in person. AUSA Pingel will have consulted with appropriate DOJ and Department of

23  Commerce officials before the settlement conference to obtain appropriate settlement authority.

24  Accordingly, the United States respectfully requests that the Court authorize AUSA Pingel to

25  participate in the settlement conference in-person with the appropriate Department of Commerce

26  representative(s) participating via telephone.

1    District courts throughout the country have routinely allowed federal government agency

2    representatives to participate in settlement conferences by telephone while the assigned AUSA attends

3    in-person and negotiates on behalf of the agency. In fact, the federal government has utilized this

4    approach with much success for many years and, as a result, hundreds of cases involving the federal

5    government have settled.

6                                            **CONCLUSION**

7    For the reasons stated above, the Government requests that AUSA Pingel be authorized to

8    appear in person at the settlement conference and that Department of Commerce officials with the

9    necessary settlement power and the ability to make recommendations regarding resolution of the case

10   be allowed to attend the conference via telephone.

11   DATED this 15th day of September 2014.

12                                    DANIEL G. BOGDEN
                                      United States Attorney

13                                    */s/ Justin E. Pingel*
                                      JUSTIN E. PINGEL
14                                    Assistant United States Attorney

15

16   IT IS SO ORDERED this 16th day of September, 2014.

17

18   _____
     Peggy A. Leen

19   United States Magistrate Judge

20

21

22

23

24

25

26

4

1

**PROOF OF SERVICE**

2

I, Justin E. Pingel, AUSA, certify that the following individual was served with the **MOTION FOR RELIEF FROM REQUIREMENT THAT PERSON WITH SETTLEMENT AUTHORITY**

3

**ATTEND SETTLEMENT CONFERENCE IN PERSON** on this date by the below identified method of service:

4

5

**U.S. Mail:**

6

Norman M. Belli
6868 Sky Pointe Drive, Unit 1141

7

Las Vegas, Nevada 89131

8

Dated this 15th day of September 2014.

9

/s/ Justin E. Pingel
JUSTIN E. PINGEL

10

Assistant United States Attorney

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

5