**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

NORMAN M. BELLI,

Plaintiff,

vs.

PENNY PRITZLER, Secretary, United States Department of Commerce,

Defendants.

Case No.: 2:13-cv-01839-GMN-NJK

**ORDER**

Pending before the Court is a Motion to Dismiss (ECF No. 15) filed by Defendant Penny Pritzler ("Defendant"). Plaintiff Norman M. Belli ("Plaintiff") filed a Response (ECF No. 17), and Defendant filed a Reply (ECF No. 19). For the reasons discussed below, Defendant's Motion is **GRANTED**.

## I. BACKGROUND

This case arises out of alleged age and disability discrimination. Plaintiff "was age 62 and a diabetic with serious complications" during the time he worked for the North Las Vegas Local Census Office ("NLVLCO"). (Compl. at 1, ECF No. 1). Plaintiff worked as a clerk for NLVLCO from January 18, 2010 to March 31, 2010. (*Id.* at 10). Plaintiff alleges that Brigitte Williams ("Williams"), a twenty-two year old employee, was promoted to the position of Office Operations Supervisor ("OOS") on January 31, 2010, through a non-competitive process. (*Id.* at 2). Moreover, Plaintiff alleges that he was better qualified for the position of OOS than Williams, due to his forty-years of relevant work experience and computer expertise. (*Id.*).

Plaintiff also alleges that Gina Clagg ("Clagg"), a forty-five year old employee, was promoted to Field Operations Supervisor ("FOS") on February 23, 2010, through a non-

competitive process. (*Id.*). Furthermore, Plaintiff alleges Clagg has no experience in the department, whereas Plaintiff had five weeks of experience and extensive prior work experience. (*Id.* at 4).

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the EEOC issued a right to sue letter on July 11, 2013. (*Id.* at 1). Plaintiff timely filed the instant suit on October 8, 2013. (*Id.*).

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept*., 530 F.3d 1124, 1129 (9th Cir. 2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

Defendant asserts that "Plaintiff's Complaint does not set forth any causes of action." (Mot. Dismiss 5:26–6:1, ECF No. 15). More specifically, Defendant asserts that Plaintiff's "Complaint does not allege legal violations, but rather presents conclusory allegations based on unsubstantiated hyperbole." (*Id.* 6:5–6). Additionally, Defendant asserts that "[t]hroughout its

ten pages, the Complaint is 'so verbose, confused, and redundant that its true substance, if any, is well disguised.'" (*Id.* 6:6–7).

Although Plaintiff does not cite the Age Discrimination in Employment Act, 29 U.S.C. § 633a *et seq.* ("ADEA") or the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") in his Complaint, Plaintiff makes numerous mentions of age and disability discrimination in reference to his failure to receive promotions. (Compl. at 1–4). Moreover, Plaintiff does mention ADA and ADEA in his Response (Response at 2, ECF No. 17).[1] Furthermore, Defendant was aware of Plaintiff's original proceedings before the EEOC. (Mot. Dismiss 2:16–17). Accordingly, the Court will analyze the sufficiency of Plaintiff's allegations in light of these two statutory provisions.

**A. Age Discrimination**

In the Ninth Circuit, claims brought under the ADEA for failure-to-promote are evaluated under the same framework as Title VII failure-to-promote claims. *See Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1436 (9th Cir. 1990) ("Merrick's failure-to-promote claim is a claim of disparate treatment under the ADEA. Such claims are analyzed by the same standard used to analyze disparate treatment claims under Title VII of the Civil Rights Act of 1964…."). To make out a prima facie case in a failure-to-promote context under Title VII, Plaintiff must show (1) he belongs to a protected class, (2) he was performing according to her employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) other employees with qualifications similar to his own were treated more favorably. *See Noyes v. Kelly Servs.*, 488 F.3d 1163, 1168 (9th Cir. 2007) (quoting *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998)).

*i. Promotion of Williams to OOS*

First, Plaintiff sufficiently pleads that he belongs to the protected class. Individuals at

[1] In his Response, Plaintiff alleges jurisdiction under the "ADAA," presumably the Americans with Disabilities Act Amendments Act. (Response at 1). For consistency, the Court will refer to this as the ADA.

least forty years of age are a protected class under the ADEA. 29 U.S.C. § 631(a). Plaintiff claims to have been sixty-two years old during the time he worked for Defendant. (Compl. at 1). Therefore, Plaintiff has sufficiently pled that he is part of a protected class under the ADEA.

Second, it can plausibly be inferred from Plaintiff's pleadings that he was performing according to his employer's expectations. Plaintiff claims his "record of accomplishments is evident from the excellent reviews that [Plaintiff] received from [his] supervisors." (Compl. at 2). A coworker of Plaintiff claims he "performed at a high level that greatly exceeded the formal duties" of his position. (Compl. at 12). Plaintiff claims to have sufficient knowledge of the "BC/QAC system," an essential portion of his duties. (Compl. at 3). Therefore, Plaintiff has sufficiently pled that he was performing according to his employer's expectations.

Third, Plaintiff plausibly suffered an adverse employment action when he was overlooked by his employer for the OOS position. Plaintiff alleges that he was not promoted to the position of OOS, which would have entitled him to a $4.00 per hour raise and therefore constitutes an adverse employment action. (Compl. at 2–3, 10). *See Brooks v. City of San Mateo*, 229 F.3d 917, 927 (9th Cir. 2000) ("Among those employment decisions that can constitute an adverse employment action are termination, dissemination of a negative employment reference, issuance of an undeserved negative performance review and refusal to consider for promotion."). Therefore, Plaintiff has sufficiently pled that he suffered an adverse employment action.

Fourth, Plaintiff plausibly alleges he was better qualified for the position of OOS than another employee. Plaintiff alleges he had an "MBA in Management from RIT," "a high level of computer expertise," and management experience that made him a better candidate for the OOS position than William, who was promoted to the position over the Plaintiff. (Compl. at 2).

Williams allegedly was significantly younger than Plaintiff and therefore not part of a

protected class under the ADEA. (*Id.*). Moreover, Williams allegedly had "no education beyond high school," whereas Plaintiff has "an MBA in Management." (*Id.*). Plaintiff further claims to have aided Williams in her duties following Williams' promotion to OOS because Plaintiff had better knowledge of the "BC/QAC system." (*Id.*). Therefore, Plaintiff has sufficiently pled that he was better qualified for the position of OOS than the employee that was given the position.

Although Plaintiff's Complaint lacks the clarity, organization, and formatting that is customarily expected in a pleading, Plaintiff's Complaint contains allegations sufficient to make a prima facie case for age discrimination under the ADEA. Accordingly, Plaintiff's age discrimination claim for the OOS position survives Defendant's Motion to Dismiss for failure to state a claim.

However, Defendant asserts that "Plaintiff has not met his burden of establishing this Court's jurisdiction over the claims he asserts" and therefore Defendant, as a Federal Defendant, is entitled to sovereign immunity. (Mot. Dismiss 7:25–26). The Supreme Court has held that "subsection (c) of § 633a unequivocally waives sovereign immunity for a claim brought by '[a]ny person aggrieved' to remedy a violation of § 633a." *Gomez-Perez v. Potter*, 553 U.S. 474, 491, (2008). *See also* 29 U.S.C. § 633a. However, Plaintiff fails to establish that NLVLCO is an affected federal agency under subsection (a) of § 633a for which sovereign immunity has been waived. Because Plaintiff bears the burden of establishing the Court's subject matter jurisdiction, Plaintiff must allege facts sufficient to establish that NLVLCO is a federal agency, such as an executive agency, affected under that subsection. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, Defendant's Motion to Dismiss for lack of subject matter jurisdiction is granted as to this claim.

*ii. Promotion of Clagg to FOS*

First, Plaintiff sufficiently pleads that he belongs to the protected class as a sixty-two

year old employee. (Compl. at 4). Second, it can be plausibly inferred that Plaintiff was performing according to his employer's expectations. Plaintiff claims his "record of accomplishments is evident from the excellent reviews that [Plaintiff] received from [his] supervisors." (*Id.* at 2). A coworker of Plaintiff claims he "performed at a high level that greatly exceeded the formal duties" of his position. (*Id.* at 12). Plaintiff claims to have sufficient knowledge of the "BC/QAC system," an essential portion of his duties. (*Id.* at 3). Third, Plaintiff plausibly suffered an adverse employment action when he was overlooked by his employer for the FOS position, which allegedly paid $16.50 per hour compared to his position as a clerk which paid $11 per hour. (*Id.* at 10). Although Plaintiff never applied for the position, Plaintiff claims he did not have an opportunity to do so. (*Id.* at 4).

Finally, Plaintiff plausibly alleges he was better qualified for the position of FOS. Plaintiff alleges he had "worked exclusively on the BC/QAC program for five full weeks prior to the appointment of Gina Clagg to FOS," that Clagg "had not previously worked in the QA department," and that she therefore "had to rely heavily on the [Plaintiff's] knowledge of BC/QAC operations." (*Id.*). Although Clagg was forty-five years old at the time, her membership in the same protected class as Plaintiff does not preclude Plaintiff's claim that he was discriminated against because of his age. *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312 (1996). Accordingly, Plaintiff's age discrimination claim survives Defendant's Motion to Dismiss for failure to state a claim.

However, as previously discussed, Plaintiff does not allege that NLVLCO is a federal agency affected under subsection (a) of § 633a. Accordingly, Defendant's Motion to Dismiss for lack of subject matter jurisdiction is granted as to this claim.

**B. Disability Discrimination**

Defendant asserts that "Plaintiff has not met his burden of establishing this Court's jurisdiction over the claims he asserts" and therefore Defendant, as a federal defendant, is

entitled to sovereign immunity. (Mot. Dismiss 7:25–26). Although Plaintiff claims disability discrimination in his Complaint generally, he specifies the ADA in his Response. (Response at 1).

A claim for money damages against a federal defendant under the ADA is barred by the doctrine of sovereign immunity because the statute lacks an unequivocal waiver of the federal government's sovereign immunity. *Dufresne v. Veneman*, 114 F.3d 952, 954 (9th Cir. 1997). Therefore, Congress has not waived the Federal Government's sovereign immunity with regard to ADA claims. *See Gray v. United States*, 69 Fed. Cl. 95, 102 (2005) (holding that "the United States has not waived its sovereign immunity to be sued under the ADA ... [and the Court of Federal Claims] has no alternative but to dismiss plaintiff's ADA claim."). Because Plaintiff requests money damages from a federal defendant on his ADA claim, Plaintiff's ADA claim is barred by the doctrine of sovereign immunity.

However, Plaintiff may bring a disability discrimination claim against a federal defendant under the Rehabilitation Act. 29 U.S.C. § 794 *et seq.* In order to state a claim under the Rehabilitation Act, Plaintiff must allege that he is (1) an individual with a disability, (2) otherwise qualified, (3) subjected to discrimination solely by reason of his disability, and (4) Plaintiff's employer received federal financial assistance. *Mustafa v. Clark County School District*, 157 F.3d 1169, 1174 & n.2 (9th Cir. 1998).

*i. Promotion of Williams to OOS and Clagg to FOS*

First, Plaintiff claims that he is "a diabetic with serious complications." (Compl. at 1). Therefore, Plaintiff has sufficiently pled that he is an individual with a disability. *See Rohr v. Salt River Project Agric. Imp. & Power Dist.*, 555 F.3d 850, 858 (9th Cir. 2009). Second, just as with his ADEA claims, Plaintiff has sufficiently alleged that he was qualified for the positions. However, Plaintiff has not sufficiently alleged that he was subjected to discrimination solely by reason of his disability. Rather, Plaintiff merely alleges individuals

with stated disabilities were underrepresented in supervisory positions at NLVLCO and those with stated disabilities at NLVLCO did not customarily last more than two months. (*Id.* at 3–4). Moreover, Plaintiff does not sufficiently allege that his employer received federal financial assistance. Therefore, Plaintiff has failed to allege a claim under the Rehabilitation Act, and Defendant's motion to dismiss is granted as to these claims.

**C. Termination of Plaintiff**

Plaintiff claims that he was unjustly terminated after a short tenure with NLVLCO, giving a long exposition of the events that led to his termination. (*Id.* at 5–10). "Prolix, confusing complaints such as the ones [P]laintiff[] filed in this case impose unfair burdens on litigants and judges. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Plaintiff must present "a short and plain statement of the claim showing that the [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Court gives leniency to *pro se* litigants, the Court is unable to recognize a claim that may arise from the allegations surrounding Plaintiff's termination. *See McHenry*, 84 F.3d at 1180 ("The judge wastes half a day in chambers preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit. [Sh]e then must manage the litigation without knowing what claims are made against whom. This leads to discovery disputes and lengthy trials."). Accordingly, Defendant's motion to dismiss is granted as to any claims related to Plaintiff's termination.

**D. Leave to Amend**

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.

1995)).

The Court does not find that granting Plaintiff leave to amend would be futile. Accordingly, Plaintiff shall file an amended complaint **Monday, March 16, 2015** if he can allege sufficient facts that establish the Court's subject matter jurisdiction over Plaintiff's ADEA claims and establish Plaintiff's claims under the Rehabilitation Act. Failure to file an amended complaint by this date shall result in the Court dismissing Plaintiff's action with prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint by **Monday, March 16, 2015**. Failure to file an amended complaint by this date shall result in the Court **DISMISSING** this action **with prejudice**.

**DATED** this 9th day of February, 2015.

Gloria M. Navarro, Chief Judge
United States District Court