DANIEL G. BOGDEN
United States Attorney
District of Nevada

TROY K. FLAKE
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Facsimile: 702-388-6787
Email: *troy.flake@usdoj.gov*

*Attorneys for the United States*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| NORMAN M. BELLI, | )<br>) |
| Plaintiff, | ) Case No: 2:13-cv-01839-GMN-NJK<br>) |
| v. | ) **MOTION FOR EXCEPTION TO**<br>) **SETTLEMENT CONFERENCE** |
| PENNY PRITZLER, Secretary, United States Department of Commerce, | ) **ATTENDANCE REQUIREMENT**<br>)<br>) |
| Defendant. | )<br>) |

The Federal Defendant respectfully requests that the Court grant an exception to the settlement conference attendance requirement based on the following points and authorities.

I.   BACKGROUND

The Court set a settlement conference in this matter for January 19, 2017, at 9:30 a.m. ECF #53. The Order setting the Settlement Conference requires attendance of "an officer or representative with binding authority to settle this matter up to the full amount of the claim or last demand made" unless the party requests an exception. *Id*. at 1-2. The Federal Defendant respectfully requests that AUSA Troy Flake be allowed to attend the settlement conference as the sole settlement representative for the Federal Defendant.

II.   ARGUMENT

The United States Supreme Court has noted that the federal Government is unlike any other litigant:

1

> We have long recognized that the Government is not in a position identical to that of a private litigant, both because of the geographic breadth of government litigation and also, most importantly, because of the nature of the issues the government litigates. It is not open to serious dispute that the government is a party to a far greater number of cases on a nationwide basis than even the most litigious private entity.

*United States v. Mendoza*, 464 U.S. 154, 159 (1984) (internal citation omitted).

Because the Government handles a very large number of cases, courts have acknowledged that it would be impractical, if not physically impossible, for those with settlement authority for the full claim amount to prepare for and appear at all settlement conferences. *United States v. U.S. Dist. Court*, 694 F .3d 1051, 1059 (9th Cir. 2012) (district court abused its discretion in ordering a Government representative with full settlement authority to appear in person for an initial settlement conference). The Advisory Committee notes that accompany the 1993 amendments to Federal Rule of Civil Procedure 16 acknowledge the unique position of the Government in that regard: "Particularly in litigation in which governmental agencies … are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility." *Id*. at 1060.

The Government delegates settlement authority to select individuals in order to promote centralized decision-making. *Id*. at 1059. Centralized decision-making promotes three important Government objectives. *Id*. at 1060. First, it allows the Government to act consistently in important cases. *Id*. Second, it allows the executive branch to pursue policy goals more effectively by placing ultimate authority in the hands of a few officials. *Id*. Third, by giving authority to high-ranking officials, centralized decision-making better promotes political accountability. *Id*.

In light of those principles, the Ninth Circuit has determined that the courts should adopt a "practical approach" in deciding whether to require a Government representative with full settlement authority to attend a pretrial conference. *Id*. at 1061. In the Ninth Circuit's view, the courts should consider less drastic steps, such as telephonic participation, before requiring in-person participation. *Id*. Only as a "last resort" should the District Court require an official with

full settlement authority to participate in a pretrial conference in person. *Id*.

The ultimate authority to settle this case rests with the United States Attorney, the Civil Division Chief, or higher ranking officials within the Department of Justice ("DOJ"), depending on whether the client agency and DOJ officials agree with the proposed resolution. 28 C.F.R. § 0.168(a). It is simply not feasible, however, for these officials to attend each and every settlement conference. Moreover, Assistant United States Attorneys routinely participate in settlement conferences in this district as sole settlement representatives for the Government. In fact, the Government has utilized this approach with much success for many years and, as a result, hundreds of cases involving the United States have settled.

Accordingly, the United States respectfully requests that the Court authorize Assistant United States Attorney Flake to participate in the settlement conference in person as the sole settlement representative for the Government. He will ensure that the appropriate Government officials are briefed on, and have thoroughly evaluated this case in advance of the settlement conference so as to provide meaningful participation by the United States. Should it be necessary, Mr. Flake will also provide further recommendations to the appropriate officials during the course of the settlement conference.

III. CONCLUSION

For the reasons above, the United States respectfully requests that the Court consider this request and permit Assistant United States Attorney Flake to participate in the settlement conference scheduled for January 19, 2017, as the sole settlement representative for the Government.

Respectfully submitted this 31st day of October 2016.

IT IS SO ORDERED.
Dated: November 1, 2016

DANIEL G. BOGDEN
United States Attorney

  /s/ Troy K. Flake
TROY K. FLAKE
Assistant United States Attorney

_____
United States Magistrate Judge

3